

FILED

JUL 27 2010

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| AMES CONSTRUCTION, INC., | ) | CV-08-164-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | ORDER |
| INTERMOUNTAIN INDUSTRIAL, INC. and MAXUM INDEMNITY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| INTERMOUNTAIN INDUSTRIAL, INC., | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| WESTERN STATES INSURANCE AGENCY, INC., | ) | |
| | ) | |
| Third Party Defendant. | ) | |

1

Western States Insurance Company ("Western States") has filed a motion seeking its attorney's fees following the Court's resolution of this issues in this case on dispositive motions for summary judgment. Western States, a third-party defendant which then filed its own third-party claim against Maxum Indemnity Company ("Maxum"), argues that Maxum should be ordered to pay Western States' attorney's fees pursuant to Montana's Uniform Declaratory Judgments Act, Mont. Code Ann. § 27-8-313, which authorizes the presiding judge in a declaratory judgment action to grant additional relief that the Court deems necessary or proper.

Plaintiff, Ames Construction, Inc. ("Ames"), the general contractor on construction project to expand and upgrade the Missoula Wastewater Treatment Plant, initiated this litigation with an Amended Complaint against subcontractor Intermountain Industrial, Inc. ("Intermountain") and Intermountain's insurer Maxum. Ames claimed breach of contract against Intermountain for its alleged failure to obtain insurance for Ames as required in a contract between the parties. Ames sought a declaratory judgment against Maxum, seeking a ruling that Maxum was required to defend Ames in an underlying state lawsuit. After being sued, Intermountain filed a third-party complaint against Western States, the insurance agent which obtained the insurance policy at issue from Maxum on

2

Intermountain's behalf. Intermountain claimed that Western States' actions and failure to act led to the denial of coverage by Maxum. Maxum filed a counter claim against Ames seeking a declaratory judgment that it had no duty to defend Ames in the underlying state case. Western States also filed a third-party complaint against Maxum, seeking a declaratory judgment that Maxum had a duty to defend Ames.

The Court granted summary judgment in favor of Ames, Western States, and Intermountain, and denied Maxum's summary judgment motion, stating, "The ambiguities in the Policy must be construed in favor of the insured and the uncontested facts in the underlying case do not unequivocally preclude coverage." Doc. No. 70 at 20.

Attorney's fees may be awarded in a declaratory judgment action only when the court finds that such fees are necessary and proper. Mont. Code Ann. § 27-8-313. Montana continues to follow the American Rule, and the Montana Supreme Court has made clear that attorney's fees should not be awarded in declaratory judgment actions as a matter of course. Mungas v. Great Falls Clinic (2009), 354 Mont. 50, 61. A party seeking attorney's fees must satisfy the two-part test set forth in United National Ins. Co. v. St. Paul Fire & Marine Ins. Co. (2009), 352 Mont. 105, 118. First, the moving party must show that the equities favor a grant

3

of attorney's fees. Id. If the court finds that the moving party is entitled to fees on

the equities, it must then determine whether the "tangible parameters" test is

satisfied. Id. Under the tangible parameters test, attorney's fees are necessary and

proper when the following three criteria are all met:

> (1) an insurance company possesses what the plaintiffs sought in the
> declaratory judgment action;
>
> (2) it is necessary to seek a declaration showing that the plaintiffs are
> entitled to the relief sought; and
>
> (3) the declaratory relief sought was necessary in order to change the status
> quo.

Renville v. Farmers Ins. Exchange (2004), 324 Mont. 509, 515. A court will reach

the tangible parameters test only if it has concluded that equitable considerations

support an award of attorney's fees. United National, 352 Mont. at 118.

Western States' motion fails on the first prong of the test because this is not

a case in which the equities favor an award of attorney's fees. Western States

argues that fees are a proper equitable award here because Maxum forced Western

States to enter the litigation when it refused to defend Ames and refused to

consider settlement. The argument appears to hinge on what Western States has

characterized as the "egregious" legal positions taken by Maxum. Western States

argues that Maxum should have defended Ames under a reservation of rights and

4

pursued a declaratory judgment that it had no contractual responsibility to defend and indemnify Ames.

Western States' argument fails for two reasons. First, Maxum's conduct in this case is not so egregious as to bring this case out of the "garden variety" of declaratory judgment actions in which attorney's fees are not warranted. Mungas, 354 Mont. at 61. Maxum's legal position ultimately proved to be untenable, but its arguments were not unreasonable to the degree that equitable relief is warranted here. Resort to litigation is common in the insurance industry; to punish the mere failure of a party's arguments in court is not in keeping with the American Rule on attorney's fees, particularly in a case such as this, where the litigants are sophisticated parties on equal footing locked in a dispute over the meaning of an insurance contract. See Mungas, 354 Mont. at 62; United National, 352 Mont. at 119.

Also unavailing is the argument the Western States was pulled into this litigation because of Maxum's refusal to tender a defense under a reservation of rights. Had Maxum agreed to defend Ames under a reservation of rights and filed a declaratory judgment action of its own, it is reasonable to assume that it would have named as defendants both Ames and Intermountain, the privy under the policy. Intermountain then would have found itself in the exact same position it

occupied in this case, which is a defendant to a declaratory judgment action. There is no reason to assume that Intermountain's response under such a scenario would be any different than the response it chose here, which was to bring a third-party claim against Western States. Although Maxum's chosen course of conduct may have resulted in the parties entering the case in a different sequence, it is unlikely that Maxum could have adopted any litigation strategy that would have spared Western States entirely.

Because Western States has failed to establish that it is entitled to attorney's fees on the equities, its motion fails and it is not necessary for the Court to address the tangible parameters test.

Accordingly, IT IS HEREBY ORDERED that Western States' motion for attorney's fees (Doc. No. 83) is DENIED.

Dated this _____ day of July, 2010.

Donald W. Molloy, District Judge
United States District Court

6